# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,     :     Case No. 3:09-cr-095
                                     Also   3:11-cv-340

                                      District Judge Walter Herbert Rice
   -vs-                          Magistrate Judge Michael R. Merz
                              :

LEVI LEE,

       Defendant.

---

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

---

This case is before the Court on Defendant's Motion for Reconsideration, New Trial and to Alter and Amend the Judgment under Fed. R. Civ. P. 59 (Doc. No. 86).

Mr. Lee notes that the Magistrate Judge filed a Report and Recommendations recommending that his § 2255 motion be denied, that he objected to that R&R, that the Magistrate Judge subsequently filed a Supplemental R&R, that he did not object to the Supplemental R&R, and that Judge Rice adopted the Supplemental R&R without reciting that he had reviewed *de novo* the objections to the original R&R (Motion, Doc. No. 86, PageID 419). He asserts that it is the practice in this District for District Judges to review de novo objections made to an original R&R even if a supplemental R&R has been filed to which no objections are made. *Id.* He cites *Harris v. Warden*, 2011 U.S. Dist. LEXIS 16496 (S.D. Ohio 2011)(Spiegel, J.) and *United States v. Lewis*, 2011 U.S. Dist. LEXIS 24465 (Dlott, Ch. J.). Those cases are inapposite because both petitioners in fact filed objections to all of the Magistrate Judge's R&R's in those cases.

When objections are made to a Magistrate Judge's report and recommendations on a

1

dispositive motion, one of the options a District Judge has is to "return the matter to the magistrate judge with instructions." At the Dayton location of court, the District Judges have exercised that option in a general way by adopting the General Order of Assignment and Reference which permits a Magistrate Judge to file a supplemental R&R responding to the objections. This process in no way deprives a litigant of his right under Article III of the Constitution to have the case decided by a District Judge. Instead, it permits a Magistrate Judge to continue to prepare the case for District Judge decision by researching and writing on the objections made, often correcting the Magistrate Judge's errors in interpreting the prior filings. All litigants are notified each time an R&R is filed of their obligation to object within the time allowed by law and that failure to do so will waive their rights on appeal.

The standard practice was followed in this case and Mr. Lee failed to object to the Supplemental Report and Recommendations. He has therefore forfeited his right to *de novo* review of his objections made to the original Report and Recommendations. Even at this point, he does not suggest what his objections are to the Supplemental Report and Recommendations.

The Motion to Alter or Amend the Judgment should be denied.

January 30, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and

shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).