# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,                  :          Case No. 3:09-cr-095
                                               Also    3:11-cv-340

                                               District Judge Walter Herbert Rice
      -vs-                                     Magistrate Judge Michael R. Merz
                                          :

LEVI LEE,

       Defendant.

---

## REPORT AND RECOMMENDATION OF REQUEST TO EXPAND CERTIFICATE OF APPEALABILITY; DECISION AND ORDER DENYING MOTION TO APPOINT COUNSEL

---

This case is before the Court on Defendant's Notice of Appeal which contains a Request for Certificate of Appealability for Additional Issue (Doc. No. 89) and Motion to Appoint Counsel (Doc. No. 90).

This Court has granted a certificate of appealability on Defendant's Ground Three, to wit, the claim that he should be re-sentenced under the Fair Sentencing Act. He now seeks to expand the certificate to include his claim in Ground One that his counsel was ineffective for failure to discuss with him the pros and cons of appealing so that he could make an informed choice about whether or not to file a direct appeal of his conviction. Whether or not the Magistrate Judge's original recommendation to deny this claim would have been debatable among reasonable jurists, Defendant should not be granted a certificate of appealability because he waived the issue by not objecting to the recommended disposition of the first ground for relief. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). Therefore the requested

1

expansion of the certificate should be denied.

In the Motion to Appoint Counsel, attorney Jeffrey M. Brandt, who has entered an appearance for Defendant *pro bono publico*, has asked to be appointed under the Criminal Justice Act to represent Mr. Lee in this case and on appeal. The Magistrate Judge has checked with the Cincinnati Magistrate Judge who chairs the Criminal Justice Act Committee for that seat of court and learned that Mr. Brandt is not a member of the CJA Panel. The Court has a firm policy of limiting appointments to those on the Panel. Accordingly, the Motion to Appoint Counsel is denied. The Court understands that the Sixth Circuit frequently appoints counsel for indigent habeas petitioners and may be willing to do so in this case.

February 15, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).